IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-CR-00183-BCW-1 |
| | ) |
| CARLOS ROSAS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Magistrate Judge W. Brian Gaddy's Report and Recommendation (Doc. #21) concerning Defendant's motion to dismiss the indictment (Doc. #15).

On August 27, 2024, the Grand Jury returned an Indictment charging Defendant with one count of Escape from Custody in violation of 18 U.S.C. § 751(a). (Doc. #1). On February 2, 2025, Defendant filed the instant motion to dismiss arguing the indictment is facially insufficient and fails to state an offense because Defendant's conduct cannot amount to an escape from custody under current case law, the Eighth Circuit's Model Criminal Jury Instructions, and the United States Sentencing Guidelines. (Doc. #15).

On April 11, 2025, Judge Gaddy issued the instant Report and Recommendation recommending this Court deny Defendant's motion and find that the Indictment is facially sufficient. (Doc. #21). On April 24, 2025, Defendant filed objections to the Report and Recommendation, incorporating the arguments from his motion and arguing the Court should consider evidence related to whether Defendant was in custody when analyzing the sufficiency of the Indictment. (Doc. #22).

The Court, after an independent review of the record and the applicable law, adopts the Magistrate's Report and Recommendation. As explained by Judge Gaddy, when reviewing a

1

motion to dismiss based on an indictment's sufficiency, a court is limited to the face of the indictment and may not consider arguments related to sufficiency of the evidence. (Doc. #21); United States v. Sholley-Gonzalez, 996 F.3d 887, 893 (8th Cir. 2021). For the reasons stated in the Report and Recommendation, Defendant's motion to dismiss is denied. Accordingly, it is hereby

ORDERED that the Magistrate's Report and Recommendation be attached to and made part of this Order (Doc. #21). It is further

ORDERED Defendant's motion to dismiss (Doc. #15) is DENIED for the reasons stated in the Report and Recommendation.

IT IS SO ORDERED.

Dated: May 29, 2025                                /s/ Brian C. Wimes
                                                   JUDGE BRIAN C. WIMES
                                                   UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-00183-01-CR-W-DGK |
| ) | |
| CARLOS ROSAS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Pending is Defendant Carlos Rosas's Motion to Dismiss, which was filed on February 3, 2025. Doc. 15. On February 14, 2025, the Government filed its response. Doc. 17. On March 17, 2025, Defendant filed a reply in further support of his motion. Doc. 20. For the reasons set forth below, the undersigned recommends Defendant's Motion to Dismiss be **DENIED.**

### I. BACKGROUND[1]

On January 24, 2024, Defendant appeared at a show cause hearing for a supervised release violation in *United States v. Rosas*, No. 17-00384-01-CR-W-DGK (hereinafter, "2017 matter") before the Honorable Greg Kays. 2017 Matter (Docs. 101, 111). At the hearing, the Court granted defense counsel's request for a two-day continuance of the show cause hearing. *Id*. (Doc. 103; Doc. 111 at 3-7). The Court then remanded Defendant to the custody of the United States Marshals Service ("USMS"). *Id*. (Doc. 111 at 7).

The Court inquired if defense counsel wanted the USMS to come to the courtroom, or if counsel wanted to walk Defendant to the USMS's Office. *Id*. (Doc. 111 at 7-8). Defense counsel

---

[1] This section is provided for background purposes only. The Court did not consider the information in the background section when issuing this report and recommendation. *See infra*, sections III, IV.

said she would walk Defendant to the USMS's Office. *Id*. at 8. According to a supplemental violation report, Defendant and his counsel took an elevator to the courthouse's first floor to retrieve his property. *Id*. (Doc. 106 at 1). When the elevator reached the first floor, Defendant ran out the front doors and did not return to the courthouse. *Id*. Judge Kays issued a warrant for Defendant's arrest. *Id*. (Doc. 102). On March 14, 2024, Defendant initially appeared in Court for revocation of his supervised release. *Id*. (Doc. 107).

## II. INDICTMENT AND MOTION TO DISMISS

On August 27, 2024, the grand jury returned an indictment charging Defendant with escape from custody on January 24, 2024, in violation of 18 U.S.C. § 751(a). Doc. 1. Defendant moves to dismiss the indictment, arguing it fails to state an offense. Doc. 15. In support, Defendant cites case law, the Eighth Circuit Model Criminal Jury Instructions, and the United States Sentencing Guidelines. *Id*. at 6-8. He also argues the Government will be unable to prove section 751(a)'s requirements at trial. *Id*. at 7-8.[2]

---

[2] In the closing paragraph of the motion's discussion section, Defendant includes the following:

> Finally, if this Court and the Court reviewing the Report and Recommendations related to this motion do not believe either or both [sic] can be impartial because the case involves a District Court judge's self-surrender order in the Western District of Missouri, defendant requests recusal of this Court and all other judges in the District, and reassignment to a judge from another District to rule on this motion and the underlying supervised release violation.

Doc. 15 at 8-9. Defendant cites no legal authority to support this request, and his recusal argument is not otherwise discussed in his motion. *See id*. at 1-9. He did not file a separate motion for recusal. In his reply, Defendant admits he did not file a motion to recuse but brought the matter to the Court's attention because "the district judge who presided over [his] supervised release hearing in January 2024 . . . may be called as a factual witness" at trial. Doc. 20 at 5-6.

To the extent Defendant's motion to dismiss asks the undersigned to recuse, Defendant's failure to provide any legal authority or factual basis for the undersigned to recuse is fatal to his request. *See* L.R. 7.0(a) ("A written motion must be supported . . . with suggestions, which are a written brief containing relevant facts and applicable law. Suggestions must be concise and emphasize their primary authorities."). Further, the undersigned does not know Defendant, has no independent factual knowledge of this case outside of presiding over the initial appearance and arraignment, and has no personal bias or prejudice against Defendant. Thus, no grounds for the undersigned's recusal exist under 28 U.S.C. § 455. To the extent Defendant's motion requests recusal of the undersigned, the request is **DENIED**. The undersigned does not make any recommended findings regarding potential recusal of other judges involved in this case or whether defense counsel may properly call a district court judge as a "factual witness" at trial.

In response, the Government contends the indictment is legally sufficient, and the Court is not permitted to look beyond the indictment's face when considering Defendant's motion. Doc. 17 at 3-4. Nevertheless, the Government also avers it will be able to prove Defendant escaped from custody. Doc. 17 at 4-8.

### III. STANDARD

The United States Constitution guarantees the right to be charged by a grand jury in an indictment for certain crimes. In particular, the Fifth Amendment provides "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. Further, the Sixth Amendment ensures "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. Pursuant to Rule 7 of the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1).

When reviewing a motion to dismiss based on an indictment's sufficiency, the Court is limited to the face of the indictment and must accept the Government's allegations as true. *United States v. Hansmeier*, 988 F.3d 428, 436 (8th Cir. 2021) (citation omitted); *United States v. Steffen*, 687 F.3d 1104, 1107 n.2 (8th Cir. 2012) (citation omitted). In analyzing the sufficiency of an indictment, the Eighth Circuit has explained:

> [A]n indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.

*United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021) (citation omitted). An indictment that tracks the statutory language is generally sufficient. *United States v. Prelogar*, 996 F.3d 526, 531 (8th Cir. 2021) (citation omitted). But "[a]n indictment need not use the specific

words of the statute, so long as 'by fair implication' it alleges an offense recognized by law." *United States v. Villarreal*, 707 F.3d 942, 957 (8th Cir. 2013) (citation omitted). "An indictment will ordinarily be held sufficient unless it is so defective" that no reasonable construction could charge the offense. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (citation omitted).

The Federal Rules of Criminal Procedure do not permit the functional equivalent of a motion for summary judgment. *See United States v. Ferro*, 252 F.3d 964, 967-68 (8th Cir. 2001) (citations omitted); *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995). Nor do the rules allow a pretrial determination on sufficiency of the evidence. *Sholley-Gonzalez*, 996 F.3d at 893 (citation omitted). And an indictment cannot be dismissed "on the basis of predictions as to what the trial evidence will be." *Ferro*, 252 F.3d at 968 (citation omitted). Rather, challenges to the sufficiency of evidence are raised with a motion for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. *Id*. (citation omitted).

## IV. DISCUSSION

Defendant concedes a motion to dismiss for failure to state an offense may only attack the sufficiency of the allegations. Doc. 15 at 4-5 (citations omitted). He also acknowledges an indictment will survive a motion to dismiss if it includes all essential elements of the charged offense, fairly informs the defendant of the charge against him, and alleges sufficient information to allow a defendant to plead a conviction or acquittal. *Id*. at 5 (citation omitted). In his motion, Defendant does not argue the indictment fails to include the essential elements of the charged offense, does not fairly inform him of the charge, or alleges insufficient information to allow him to plead a conviction or acquittal. *See* Doc. 15. Rather, he maintains the indictment fails to state an offense because "there is no case law to support this charge," "the 8th Circuit jury instruction

required to convict requires custody as an element," and he was never "placed into custody," which is required under section 751(a). *Id*. at 1, 3-4.

**A.    The Face of the Indictment**

In the indictment, the grand jury charged Defendant with "knowingly and intentionally escap[ing] from custody under and by virture [sic] of any process issued under the laws of the United States by any court, all in violation of Title 18, United States Code, Section 751(a)." Doc. 1. Section 751(a) states the following:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 751(a). The indictment tracks the specific language of section 751(a) – i.e., "under and by virtue of any process issued under the laws of the United States by any court." *Compare* Doc. 1 *with* 18 U.S.C. § 751(a). Additionally, the indictment includes the elements of the offense charged, informs Defendant of the charge against him, and sets forth sufficient information to allow Defendant to plead a conviction or acquittal. For these reasons, the undersigned finds the indictment is legally sufficient on its face.

**B.    *United States v. Goad***

Defendant argues "[t]he Eighth Circuit Court of Appeals has squarely addressed this issue in Goad v. U.S. [sic], 788 F.3d 873 (8th Cir.[ ]2015)." Doc. 15 at 6. More specifically, he contends "[n]one of the factors listed in Goad which indicate custody are present in this case involving

5

Rosas." *Id*. at 7. The Government maintains section 751(a) does not require physical custody. Doc. 17 at 4-5 (citing *Goad*, 788 F.3d at 875).

In *Goad*, the Eighth Circuit considered whether a defendant was in custody under section 751(a) when the district court sentenced him to reside at a reentry center. *Goad*, 788 F.3d at 874, 876. The Court observed "a person may be in custody for purposes of § 751(a) even though the physical restraints upon him are minimal and even though the custody be deemed constructive, rather than actual." *Id*. at 875 (quoting *United States v. Cluck*, 542 F.2d 728, 736 (8th Cir. 1976)). And the escape need not "be from a conventional penal housing unit such as a cell or cell block." *Id*. (citation omitted).

The Court rejected Goad's argument that his residency at a reentry center did not constitute custody under section 751(a). *Id*. at 875-76. It found "[t]he statute broadly covers '*any* custody under or by virtue of *any* process issued under the laws of the United States or by *any* court, judge, or magistrate judge.'" *Id*. at 876 (citing 18 U.S.C. § 751(a)) (emphasis in opinion). The Court determined section 751(a) "treats all custodians alike," and the confinement's purpose is irrelevant. *Id*. (stating the "non-penological, transitional purposes of supervised release" did not change the Court's view on whether the defendant was in custody). "The confinement need only be 'under or by virtue of any process issued' by a judge or court under federal law." *Id*. (citing 18 U.S.C. § 751(a)). The Court held this requirement was satisfied when the district court sentenced Goad to reside at the reentry center for 120 days. *Id*.

Defendant's argument that the custodial factors in *Goad* are not present in this matter ignores this Court's limited review of the sufficiency of the indictment. *See supra*, section III. This limited review does not permit the Court to consider evidence related to whether Defendant was in custody. *Id*. Instead, the Court must accept the Government's allegations as true. *Id*. Here,

the indictment alleges Defendant escaped from "custody." Doc. 1 at 1. When accepting the allegations in the indictment as true, the undersigned finds the indictment sufficiently states an offense under section 751(a).[3] *See supra*, section IV(A).

C. **Eighth Circuit Model Criminal Jury Instructions**

Defendant avers the requirements of section 751(a) cannot be proven at trial. Doc. 15 at 7-8. In support, he refers to the Eighth Circuit Model Criminal Jury Instructions. *Id*.[4] In particular, "Defendant asks this Court to examine the . . . examples provided by the educated writers of the pattern instructions . . . of when the defendant was in custody." *Id*. at 8. The examples, according to Defendant, do not apply to this matter. *Id*.

The Model Jury Instructions, which are not promulgated by the Eighth Circuit, are not binding on the district courts unless mandated by the Eighth Circuit in a decision. *See United States v. Boen*, 59 F.4th 983, 993 (8th Cir. 2023) (citation omitted); *United States v. Owens*, 966 F.3d 700, 705 (8th Cir. 2020) (citation omitted). The instructions serve as "helpful suggestions." *Owens*, 966 F.3d at 705 (citation omitted). Setting aside the model jury instructions are not mandatory, and the Court's review being limited to the face of the indictment, the relevant instruction and the notes and comments thereto do not support Defendant's argument.

As noted by Defendant, the model jury instruction's first element provides examples on how to describe the custodian – "e.g., the Attorney General, the Bureau of Prisons, a Special Agent of the Federal Bureau of Investigation" – to the jury. 8th Cir. Model Crim. Jury Instr. 6.18.751 (2023). But the instruction does not indicate the list of examples is exhaustive. *See id*. Moreover,

---

[3] Even if the Court were to consider matters beyond the face of the indictment, *Goad*'s holding does not suggest – much less, demonstrate – Defendant was not in custody.

[4] Defendant does not cite a specific instruction. *See* Doc. 15 at 7-8. But it appears he relies on Eighth Circuit Model Criminal Jury Instruction 6.18.751, which pertains to escape from custody under 18 U.S.C. § 751(a).

the Notes on Use to the instruction specify "where custody is minimal or constructive, a definition may be appropriate." *Id*. Notes on Use 1. And the instruction's Committee Comments reveal "custody may be minimal and, indeed, may be constructive." *Id*. Committee Comments.

Defendant's jury instruction argument overlooks the Court is limited to the face of the indictment when considering Defendant's motion to dismiss. *See supra*, section III. This limited review does not allow the Court to consider specific evidence related to whether Defendant was in custody. *Id*. When accepting the Government's allegations as true, the undersigned finds the indictment sufficiently states an offense under section 751(a). *See supra*, section IV(A).

**D.    Sentencing Guidelines**

Defendant contends "Sentencing Guidelines 2P1.1(b)(3) also sheds light on the types of locations from where an escape can occur." Doc. 15 at 7. He maintains the application notes to this sentencing guideline define non-secure custody. *Id*. (citation omitted). Defendant, however, does not explain how the sentencing guideline application notes apply to this matter. *See id*. Nor does he cite any legal authority indicating an application note to a sentencing guideline should be considered by a Court when addressing a motion to dismiss an indictment for failure to state an offense. *See id*. Instead, the Court's review is limited to the face of the indictment, which the undersigned finds is legally sufficient. *See supra*, section IV(A).

V.    CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** Defendant's Motion to Dismiss (Doc. 15).

The parties are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack

on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: April 11, 2025 */s/ W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE